IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNTIED STATES OF AMERICA *ex rel.* § | | |
| DAVID MAGEE § | | PLAINTIFFS |
| § | | |
| v. § | | Civil No. 1:09CV324-HSO-JMR |
| § | | |
| LOCKHEED MARTIN § | | |
| CORPORATION, *et al.* § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS OF DEFENDANTS LOCKHEED MARTIN CORPORATION AND LOCKHEED MARTIN SPACE OPERATIONS COMPANY**

BEFORE THE COURT is the Motion to Dismiss [63] Relator David Magee's Third Amended Complaint [62], filed by Defendants Lockheed Martin Corporation ["LMC"] and Lockheed Martin Space Operations Company ["LMSO"] [collectively, "Lockheed"], in the above-captioned cause. Relator has filed a Response [83], and Lockheed a Reply [89]. After consideration of the parties' submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that Lockheed's Motion [63] should be denied.

I. FACTS AND PROCEDURAL HISTORY

Relator brought this *qui tam*[1] action under the False Claims Act ["FCA"], 31 U.S.C. § 3729, *et seq*. The United States of America formally intervened on or about June 30, 2009, as to Relator's claims against all Defendants, *see* Notice of Election [27], with the exception of Relator's claims against Lockheed, *see id.* at p. 2. The

---

[1] "*Qui tam*" comes from the phrase "*qui tam pro domino rege quam pro se ipso in hac parte sequitur*," which translates as "who pursues this action on our Lord the King's behalf as well as his own." *Rockwell Int'l Corp. v. United States*, - - - U.S. - - - -, 127 S.Ct. 1397, 1403 n.2 (2007).

Government declined to intervene as to those claims. Subsequently, on August 13, 2009, Relator filed his Third Amended Complaint [62]. *See* Relator's Third Am. Compl. Lockheed now asks the Court to dismiss this Third Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), for failure to state a claim upon which relief can be granted. *See* Mot., at p. 1.

## II. DISCUSSION

A. Standard of Review

Federal Rule of Civil Procedure 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it

asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (U.S. 2009) (*quoting Twombly*, 550 U.S. at 556-57, 570).

Claims brought under the FCA must also comply with Rule 9(b), which requires pleading with particularity in cases involving fraud. *See United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (*quoting United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003)). "At a minimum, this requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *Id.* (*quoting United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

B.  Relator's Claims against Lockheed

Relator asserts FCA violations against Lockheed, pursuant to 31 U.S.C. § 3279(a)(1)(A), (B), and (C). *See* Relator's Third Am. Compl., at pp. 18-20. The FCA permits Relator to pursue those claims with respect to which the Government declines to intervene. *See* 31 U.S.C. § 3730(b)(4)(B) (stating, in relevant part, that "the Government shall . . . notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action"); *United States ex rel. Becker v. Tools & Metals, Inc.*, 2009 WL 855651, *9 (N.D. Tex. March 31, 2009) (holding that relators are entitled to proceed on their claims in which the government declined to intervene when it only partially intervenes).

Lockheed argues that Relator does not identify any information wrongfully obtained, any false statements made, or any false claims submitted, by LMSO employees. *See* Mot., at p. 4. According to the Motion, Relator likewise does not point to any false statements made, or any false claims submitted, by LMC employees. Nor does he identify any specific LMC employees. *See id.* Lockheed thus maintains that Relator fails to state claims against either LMC or LMSO. *See id.* at p. 10.

Lockheed notes that the FCA has been amended by the Fraud Enforcement and Recovery Act of 2009 ["FERA"], Pub. L. No. 111-21, 123 Stat. 1617, which was signed into law in May 2009, and contends that the conduct of which Relator complains occurred prior to the FERA amendments. Thus, the earlier version of the FCA should control in this case. *See* Mot., at p. 7. The Court need not resolve this question for purposes of resolving the present Motion, as it is of the opinion that Relator's Third Amended Complaint survives Lockheed's Motion to Dismiss under either version of the statute.

Having thoroughly reviewed the relevant pleadings and the governing law, and having considered the parties' contentions, the Court is persuaded that Relator has sufficiently alleged his claims against Lockheed in order to survive dismissal at this stage. The Court is further of the view that Relator's allegations meet the specificity requirements of Rule 9(b) under the facts of this particular case. Lockheed's Motion to Dismiss will therefore be denied.

## III. CONCLUSION

The Court has considered Lockheed's Motion to Dismiss and all relevant legal authorities, pleadings, and submissions, and concludes that, for the reasons stated herein, Lockheed's Motion to Dismiss Relator's Third Amended Complaint should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion to Dismiss [63] Relator David Magee's Third Amended Complaint [62] filed by Defendants Lockheed Martin Corporation and Lockheed Martin Space Operations Company, should be and hereby is **DENIED** as to Relator's claims against Defendants Lockheed Martin Corporation and Lockheed Martin Space Operations Company.

**SO ORDERED AND ADJUDGED**, this the 12th day of March, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE