IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNTIED STATES OF AMERICA *ex rel.* § | | |
| DAVID MAGEE § | | PLAINTIFFS |
| § | | |
| v. § | | Civil No. 1:09CV324-HSO-JMR |
| § | | |
| LOCKHEED MARTIN § | | |
| CORPORATION, *et al.* § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART CERTAIN DEFENDANTS' MOTIONS TO DISMISS AND
DENYING CERTAIN DEFENDANTS' MOTIONS TO STRIKE**

BEFORE THE COURT are (1) the Motion to Dismiss [65] Relator David Magee's ["Relator's"] Third Amended Complaint and the United States of America's Amended Complaint in Intervention, filed by Defendant Science Applications International Corporation ["SAIC"]; (2) the Motion to Dismiss [69] Relator's Third Amended Complaint and the Government's Amended Complaint, and the Motion to Strike [73] filed by Defendants Dale Galloway and Applied Enterprise Solutions, LLC [collectively, "AES Defendants"]; and (3) the Motion to Dismiss [70] the Government's Amended Complaint, the Motion to Strike Certain Allegations [71], and the Motion to Dismiss Relator's Third Amended Complaint [75], filed by Defendants Stephen A. Adamec, Jr. ["Adamec"], and Robert Knesel ["Knesel"], in the above-captioned cause. All of these Motions have now been fully briefed.

After consideration of the parties' submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that: (1) SAIC's Motion to Dismiss [65] should be granted in part as to Relator David Magee's Third

Amended Complaint [62] as against SAIC, and denied in part as to the Government's Amended Complaint in Intervention [35]; (2) AES Defendants' Motion to Dismiss [69] should be granted in part as to Relator David Magee's Third Amended Complaint [62] as against AES Defendants, and denied in part as to the Government's Amended Complaint in Intervention [35]; (3) AES Defendants' Motion to Strike [73] should be denied; (4) Adamec and Knesel's Motion to Dismiss [70] the Government's Amended Complaint should be denied; (5) Adamec and Knesel's Motion to Strike [71] should be denied; and (6) Adamec and Knesel's Motion to Dismiss [75] Relator's Third Amended Complaint [62] should be granted as against Adamec and Knesel.

## I. FACTS AND PROCEDURAL HISTORY

Relator brought this *qui tam* action under the False Claims Act ["FCA"], 31 U.S.C. § 3729, *et seq*. The United States of America formally intervened on or about June 30, 2009, as to Relator's claims against all Defendants, *see* Notice of Election [27], with the exception of Relator's claims against Defendants Lockheed Martin Corporation ["LMC"] and Lockheed Martin Space Operations Company ["LMSO"] [collectively, "Lockheed"], *see id.* at p. 2. The Government then filed an Amended Complaint [35] on July 6, 2009. *See* Intervenor's Am. Compl. On August 13, 2009, Relator filed his Third Amended Complaint [62]. *See* Relator's Third Am. Compl. Movants now ask the Court to dismiss Relator's Third Amended Complaint and the Government's Amended Complaint, pursuant to Federal Rules of Civil Procedure

9(b) and 12(b)(6), for failure to state a claim upon which relief can be granted. They also move to strike certain allegations in the Government's Amended Complaint.

II. DISCUSSION

A. Standard of Review

Federal Rule of Civil Procedure 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (U.S. 2009) (*quoting Twombly,* 550 U.S. at 556-57, 570).

Claims brought under the FCA must also comply with Rule 9(b), which requires pleading with particularity in cases involving fraud. *See United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (*quoting United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003)). "At a minimum, this requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *Id.* (*quoting United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

As for the Motions to Strike, Rule 12(f) provides that

> [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

B. <u>Motions of SAIC [65], AES Defendants [69], and Adamec and Knesel [75], to Dismiss as to the Relator's Third Amended Complaint</u>

Once the Government intervenes in accordance with the procedures established by federal law, Relator has no separate free-standing FCA cause of action. *See United States ex rel. Becker v. Tools & Metals, Inc.*, 2009 WL 855651, *6 (N.D. Tex. March 31, 2009) (*quoting In re Pharma. Indus. Average Wholesale Price Litig.*, 2007 WL 4287572, *4 (D. Mass. Dec. 6, 2007)); *see also United States ex rel. Barajas v. Northrop Corporation*, 147 F.3d 905 (9th Cir. 1998). Following

intervention, the United States acquires primary responsibility for prosecuting the action. *See United States ex rel. Eisenstein v. City of New York, New York*, - - - U.S. - - - -, 129 S. Ct. 2230, 2234 (2009) (*quoting* 31 U.S.C. § 3730(c)(1)).

Here, the Government has formally intervened in Relator's suit against all Defendants, *see* Notice of Election [27], with the exception of Lockheed, *see id*. at p. 2. Therefore, the Government's Amended Complaint is the operative pleading as to all claims asserted against all Defendants, with the exception of those raised against Lockheed. *See* 31 U.S.C. § 3730(b)(4)(B); *Becker*, 2009 WL 855651, at *9. SAIC's, AES Defendants', and Adamec and Knesel's Motions to Dismiss Relator's Third Amended Complaint should therefore be granted as to all claims asserted by Relator against those Defendants. *See Becker*, 2009 WL 855651, at *6 (dismissing with prejudice relator's FCA claims as duplicative of the government's claims). Those claims against Lockheed contained in Relator's Third Amended Complaint will remain.

This conclusion does not, however, preclude Relator from participating in the litigation of the FCA claims against SAIC, AES Defendants, Adamec, and Knesel. *See id.* Relator remains a party to these claims and is entitled to participate pursuant to the statute, subject to the limitations it imposes. *See* 31 U.S.C. § 3730(c).

C.  Motions of SAIC [65], AES Defendants [69], and Adamec and Knesel [70] to Dismiss as to the Government's Amended Complaint

SAIC [65], AES Defendants [69], and Adamec and Knesel [70] have also moved to dismiss the Government's Amended Complaint [35]. The Government advances alleged FCA violations against these Movants. It further asserts claims for breach of contract, unjust enrichment, payment by mistake, recoupment, inducement of breach of fiduciary duty, and fraudulent procurement against SAIC; for unjust enrichment, inducement of breach of fiduciary duty, and fraudulent procurement against AES Defendants; and for breach of fiduciary duty, unlawful disclosure of advance procurement information, and fraudulent procurement against Adamec and Knesel. *See* Intervenor's Am. Compl., at pp. 16-21.

Having thoroughly reviewed the relevant pleadings and governing law, and having considered the parties' contentions, the Court is of the opinion that Intervenor has sufficiently alleged its claims against these Movants. Intervenor has further satisfied the specificity requirements of Rule 9(b) in pleading its fraud-based claims, including the purported FCA violations. Movants' Motions to Dismiss [65], [69], [70], the Government's Amended Complaint will therefore be denied.[1]

D.  Motions of AES Defendants [71], and Adamec and Knesel [73], to Strike

In the alternative to their Motion to Dismiss, Adamec and Knesel contend in their Motion to Strike [71] that paragraphs 6 and 63 through 68 of Intervenor's

---

[1] Also before the Court are Adamec and Knesel's [71] and AES Defendants' [73] alternative Motions to Strike. Though it will deny the Motions to Strike for the reasons stated elsewhere herein, the Court did not consider the allegations Movants seek to strike in ruling upon their Motions to Dismiss the Government's Amended Complaint.

Amended Complaint should be stricken as surplusage not causally connected to any conduct leading to potential liability on their part. *See* Mem. in Supp. of Mots. [72], at p. 21.

Paragraph 6 of Intervenor's Amended Complaint reads as follows:

In October 2006, in response to the government's investigation of the NCCIPS tainted bid solicitation, AES, as the agent of SAIC, Adamec, and Knesel, attempted to hide the evidence of their conspiracy to bias the bid solicitation process, by destroying the hard drive and all back ups of Adamec's computer and by destroying all hard copies of documents related to NCCIPS in Adamec's office.

Intervenor's Am. Compl., ¶ 6.

The remaining paragraphs that Adamec and Knesel seek to strike state:

63. In response to the government investigation, on July 30, 2004 and continuing until February 17, 2005, NAVO removed Knesel from his duties at the NAVO MSRC and put him on administrative leave. On February 17, 2005, NAVO reinstated Knesel with instructions that he was "not to provide direction to current MSRC contractors or future operations with any prospective contractor or contractor organization."
64. In October 2006, in response to the government's investigation of the tainted bid solicitation, Adamec, Knesel, SAIC, and AES conspired to destroy evidence of Adamec's collusion to bias the NCCIPS solicitation process to favor the SAIC Team.
65. During the week of October 30, 2006, Adamec placed all hard copies of all documents relating to NCCIPS that he maintained in his office in burn bags and gave instructions to contracting staff that all such documents were to be destroyed.
66. Additionally, during the week of October 30, 2006, Adamec instructed Knesel to have the hard drive and all back up disks to Adamec's computer at NAVO to be destroyed.
67. As a result, Knesel instructed an AES employee to destroy Adamec's hard drive and all back up disks to Adamec's NAVO computer.
68. The AES employee, acting as an agent of SAIC, used nippers or a hammer to destroy Adamec's hard drive and shredded all the back up disks to Adamec's NAVO computer.

Intervenor's Am. Compl., ¶¶ 63-68.

In AES Defendants' Motion to Strike [73], they contend that Paragraph 27 of Intervenor's Amended Complaint should be stricken as surplusage. *See* Brief in Supp. of Mots. [74], at p. 21. AES Defendants argue that allegations regarding an investigation of Defendant Dale Galloway and his staff with respect to the Government Purchase Card Program, and his purportedly being asked to retire as a result of the findings of that investigation, "are not relevant nor material to any issue in this civil action and such [sic] not more than a blatant attempt to smear Galloway in the public eye or media." *Id.* at p. 22.

Movants ask the Court to strike the foregoing portions of the Intervenor's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). After considering the record as a whole, the arguments of the parties, and the relevant legal authorities, the Court is of the opinion that Adamec and Knesel's [71], as well as AES Defendants' [73], Motions to Strike should be denied. Under the facts of this particular case, and at this stage of the proceedings, the allegations are not sufficiently "redundant, immaterial, impertinent, or scandalous matter" to warrant striking them from the record. *See* Fed. R. Civ. P. 12(f).

### III. CONCLUSION

The Court has considered Movants' requests and all relevant legal authorities, pleadings, and submissions, and concludes that, for the reasons stated herein, the Motions seeking to dismiss Relator's Third Amended Complaint should be granted in part and denied in part, the Motions seeking to dismiss the Government's Amended Complaint should be denied, and the Motions to Strike should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Defendant Science Applications International Corporation's Motion to Dismiss [65], should be and hereby is **GRANTED IN PART** as to Relator David Magee's allegations in his Third Amended Complaint [62] against Defendant Science Applications International Corporation, and **DENIED IN PART** as to the Government's Amended Complaint in Intervention [35].

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, Defendants Dale Galloway and Applied Enterprise Solutions, LLC's, Motion to Dismiss [69] should be and hereby is **GRANTED IN PART** as to Relator David Magee's allegations in his Third Amended Complaint [62] against Defendants Dale Galloway and Applied Enterprise Solutions, LLC, and **DENIED IN PART** as to the Government's Amended Complaint in Intervention [35], and that their Motion to Strike [73], should be and hereby is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, Defendants Stephen Adamec and Robert Knesel's Motion to Dismiss [70] the Government's Amended Complaint should be and hereby is **DENIED**, their Motion to Strike [71] should be and hereby is **DENIED**, and their Motion to Dismiss [75] Relator's Third Amended Complaint [62] should be and hereby is **GRANTED** as to Relator's claims against Adamec and Knesel.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, Relator's claims in his Third Amended Complaint asserted against Defendants Science Applications International Corporation, Dale Galloway, Applied

Enterprise Solutions, LLC, Stephen A. Adamec, Jr., and Robert Knesel are **DISMISSED**.  Relator's claims against Lockheed remain.

**SO ORDERED AND ADJUDGED**, this the 12th day of March, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE